# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 18-74-DLB-CJS**

**TRACY SIMPSON, et al.**                                                 **PLAINTIFFS**

**v.**                **MEMORANDUM OPINION AND ORDER**

**CHAMPION PETFOODS USA, INC., et al.**                    **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on two issues—a potential venue transfer and a request for certification of interlocutory appeal. In the Court's previous Memorandum Opinion and Order, the Court dismissed all of the Kentucky putative class members' claims (leaving only the Virginia putative class members' claims viable) and notified the parties that it was considering a transfer of this action to the Eastern District of Virginia, Norfolk Division. (Doc. # 37). The Court accordingly ordered that the parties file simultaneous briefs addressing whether such a transfer would be appropriate under 28 U.S.C. § 1404(a). *Id.* at 39–40. Both parties have briefed the issue. (Docs. # 39 and 40). Therefore, this matter is now ripe. Also pending before the Court is Plaintiff Tracy Simpson's Motion for Certification of Interlocutory Appeal and to Stay Proceedings Pending Appeal. (Doc. # 41). That Motion having been fully briefed, (Docs. # 44 and 45), it is also now ripe for review.[1]

---

[1] In the interest of judicial efficiency, the Court herein incorporates the Factual and Procedural Background summarized in its previous Memorandum Opinion and Order. (Doc. # 37 at 2–7).

1

## I. TRANSFER OF VENUE

Plaintiff Danika Lolles, a Virginia resident, and Defendants all argue that the Court should retain jurisdiction based on the various factors to be weighed in ruling on a motion to transfer under § 1404(a).[2] *See* (Docs. # 39 and 40). The Court concludes that a venue transfer to the proposed forum is foreclosed by a threshold requirement, only briefly mentioned by Lolles: the absence of personal jurisdiction over the Defendants in Virginia. (Doc. # 40 at 2).

The applicable federal statute states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a) (emphasis added). The phrase "might have been brought" in § 1404(a) is a threshold requirement that unambiguously limits where a federal court may transfer an action. *See Hoffman v. Blaski*, 363 U.S. 335, 343–344 (1960). That is, a transfer without consent of the parties is permissible only if, at the time the action was originally filed, the proposed transferee district was a forum available to the plaintiff where venue, subject-matter jurisdiction, and personal jurisdiction all would have been proper. *See id.*; *Bunting v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001); *see also* 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3845 (4th ed. 2019).

---

[2] In ruling on a motion to transfer under § 1404(a), a district court should weigh "a number of case-specific factors," various "public-interest factors of systemic integrity," and any "private concerns falling under the heading 'the interest of justice.'" *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (internal quotations and citations omitted). Although district courts "have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate," *Reese*, 574 F.3d at 320, the Court need not wade through these factors because the Eastern District of Virginia is not a district where this action could have been filed, *see supra*.

At the time this suit was filed here, however, a court in the Eastern District of Virginia could not have asserted personal jurisdiction over the Defendants, and therefore transfer under § 1404(a) would be inappropriate.

Federal courts exercise personal jurisdiction coextensively with the courts of the forum state. Fed. R. Civ. P. 4(k)(1)(A). Virginia's long-arm statute permits its courts to assert personal jurisdiction "to the extent permissible under the due process clause of the federal Constitution." *Brown v. Am. Broad. Co.*, 704 F.2d 1296, 1301 (4th Cir. 1983) (citing *Kolbe, Inc. v. Chromodern Chair Co.*, 180 S.E.2d 664, 667 (Va. 1971)).

Cases interpreting the Due Process Clause recognize "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction is found where a defendant's affiliations with the forum state "are so continuous and systematic as to render them essentially at home in the forum State" and will justify asserting jurisdiction "over claims unrelated to" those affiliations. *Goodyear*, 564 U.S. at 919, 925 (citations and internal quotation marks omitted). Specific jurisdiction, however, is warranted even where there is only a "single" or "occasional" act of the defendant in the forum state, *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014), but "the suit [must] aris[e] out of or relat[e] to the defendant's contacts with the forum," *Bristol-Myers*, 137 S. Ct. at 1780 (citation and internal quotation marks omitted).

Here, at the time suit was filed, the Eastern District of Virginia could not have asserted general jurisdiction over Defendants because they could not be considered "at

3

home" in Virginia. A "corporation is fairly regarded as at home" in the "place of incorporation and [its] principal place of business." *Daimler*, 571 U.S. at 137 (citations and internal quotations omitted). The same locations appear to be considered when determining where a limited partnership is "essentially at home." *See Reitman v. Champion Petfoods USA, Inc.*, No. CV 18-1736-DOC (JPRx), 2018 WL 4945645, at *4 (C.D. Cal. Oct. 10, 2018) (quoting *Daimler*, 571 U.S. at 127). Defendant Champion Petfoods LP is a Canadian partnership with its principal place of business in Edmonton, Alberta, Canada. (Doc. # 29 ¶ 9); *see also* (Doc. # 39 at 3). That partnership owns Defendant Champion Petfoods USA, Inc., which is incorporated in Delaware and has its principal place of business in Auburn, Kentucky. (Doc. # 29 ¶¶ 8–9); *see also* (Doc. # 39 at 2–3). Although the Supreme Court has not held that "a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business," the Court has also made it clear that an out-of-state defendant is not amenable to a court's general jurisdiction simply because the defendant's "sales are sizable" in the forum state. *Daimler*, 571 U.S. at 138–39. Thus, even though Defendants sell their products in Virginia, (Doc. # 29 ¶¶ 1, 10–11), they are not at home in Virginia and general jurisdiction cannot lie there.

Nor could a federal court in Virginia assert specific jurisdiction over Defendants. Specific jurisdiction is only found where, as to a non-resident defendant, there exists:

> (1) purposeful availment "of the privilege of acting in the forum state or causing a consequence in the forum state," (2) a "cause of action . . . aris[ing] from activities" in the state, and (3) a "substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).[3] Here, the first element is missing, namely, "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Goodyear*, 564 U.S. at 924 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Schneider*, 669 F.3d at 701 (citations and internal quotation marks omitted). The only apparent contact Defendants have with Virginia is the mere fact that Defendants' dog food products are sold in various third-party retail stores. (Doc. # 29 ¶¶ 1, 10–11). This tenuous affiliation does not constitute "purposeful availment" in this Circuit.

The Sixth Circuit has stated a preference for the "stream of commerce 'plus' approach" to purposeful availment set forth by Justice O'Connor in *Asahi Metal Industry Company*. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir. 2003) (discussing *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987) (plurality opinion)).[4] Under that standard, "[t]he placement of a product into the stream of commerce, *without more*, is not an act of the defendant

---

[3] When the issue of personal jurisdiction is decided without an evidentiary hearing, there must be "specific facts" that amount to a "prima facie showing that jurisdiction over the defendant is proper." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

[4] The Fourth Circuit appears to have adopted the same approach, so the same result would be reached under Fourth Circuit precedent. *See Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994) ("To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism.").

purposefully directed toward the forum State." *Id.* (emphasis added) (quoting *Asahi*, 480 U.S. at 112); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) (plurality opinion) ("The defendant's transmission of goods [to the forum State] permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.").

Examples of "[a]dditional conduct of the defendant [that] may indicate an intent or purpose to serve [or target] the forum State" include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Asahi*, 480 U.S. at 112; *see also Daimler*, 571 U.S. at 128 n.7 (collecting cases). On the sparse record before the Court, not one of these "plus" factors is alleged. *See* (Doc. # 29). At best, Defendants placed their product in the stream of commerce and were "merely aware" that their distributor(s) were "likely to market the product in all fifty states." *Bridgeport,* 327 F.3d at 480. It is well-established, however, that this type of conduct is "too random, fortuitous, and attenuated for a finding of purposeful availment." *Id.* at 481; *see also Smith v. Home Depot USA, Inc.*, 294 F. App'x 186, 190 (6th Cir. 2008).

Therefore, at the time this action was filed, Virginia could not have asserted personal jurisdiction over Defendants. Accordingly, a transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) is impermissible, and the case will remain in the Eastern District of Kentucky.

## II.    MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Having resolved the transfer-of-jurisdiction issue raised in the previous Memorandum Opinion and Order, (Doc. # 37 at 39–40), the Court now turns to the pending Motion for Certification of Interlocutory Appeal and to Stay Proceedings Pending Appeal.  (Doc. # 41).  In that Motion, Plaintiff Simpson asks the Court to permit an interlocutory appeal of the Memorandum Opinion and Order dismissing her claims.  *Id.* (requesting immediate appeal of (Doc. # 37)).  That Order dismissed the Kentucky breach-of-warranty and consumer-protection claims because Plaintiff Simpson lacked privity with Defendants and also dismissed the fraudulent-omission and unjust-enrichment claims.[5]  (Doc. # 37 at 11–40).

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an otherwise unappealable order if three requirements are met: (1) the "order involves a controlling question of law," (2) the order deals with an issue "to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  However, "[r]eview [pursuant to this statute] is granted sparingly and only in exceptional cases."  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citing *Kraus v. Bd. of Cty. Rd. Comm'rs*, 34 F.2d 444, 446 (6th Cir. 1966)).  The third requirement not being satisfied by the at-issue Order, the Court concludes that an interlocutory appeal pursuant to § 1292(b) would be inappropriate here.[6]

---

[5]     Plaintiff Lolles' unjust-enrichment claim and fraudulent-omission claim were also dismissed, but she does not appear to join this Motion.  (Doc. # 41).

[6]     As all three elements are necessary for certification pursuant to § 1292(b) and in the interest of judicial efficiency, the Court declines to address whether the first two requirements for certification are met.

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378–79 (8th Cir. 1994)). Here, regardless of whether the Sixth Circuit were to reinstate Plaintiff Simpson's claims, litigation will proceed in an identical manner. The claims brought by Plaintiff Simpson and Plaintiff Lolles are based on identical facts. *See* (Doc. # 37 at 4–7). Specifically, the claims are all grounded in the business practices of the Defendants, and in particular, the representations Defendants made to their customers. *Id.* The fact that Plaintiff Simpson's claims were dismissed will not alter the course of litigation going forward. Discovery regarding defendants' representations to their customers will proceed, as it would have had the Motion to Dismiss been denied in full and Plaintiff Simpson's claims still stood. Thus, the third requirement for certification under § 1292(b) is not met. *See In re City of Memphis*, 293 F.3d at 351.

Additionally, this is not a case where, on appeal, there is a possibility that all claims will be dismissed and litigation might end. *See In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (finding litigation would be advanced when the outcome of the appeal could be dismissal of the case). Allowing immediate appeal in this case would further delay the termination of litigation, rather than advance it. As immediate appeal would not materially advance the termination of the litigation, the Court finds that an interlocutory appeal pursuant to 28 U.S.C § 1292(b) is not warranted.

**III. CONCLUSION**

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that:

(1)  This case shall **remain** in the Eastern District of Kentucky; and

(2)  The pending Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal (Doc. # 41) is **DENIED**.

This 31st day of October, 2019.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Cov2018\18-74 Transfer Venue and Interlocutory Appeal.docx